**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
Delta Division



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 31 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

PAOLA GRACIA, on behalf of herself
and all other similarly situated employees,

      Plaintiff,

v.                      Case No. _2:20-CV-22-BSM_

SAN ANGEL 2 OF ARKANSAS, INC.,
RAFAEL ANGEL, and FRANCISO JAVIER ROMO,

This case assigned to District Judge _Miller_
and to Magistrate Judge _Deere_

      Defendants.

---

## COLLECTIVE ACTION COMPLAINT UNDER THE FLSA AND MWA OF ARKANSAS

Plaintiff Paola Gracia files this Collective Action Complaint under the FLSA against Defendants San Angel 2 of Arkansas, Inc., Rafael Angle, and Francisco Javier Romo (collectively, "Defendants"), on behalf of herself and all others similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") to recover unpaid minimum wage and overtime compensation.

### I. JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    This Court has supplemental jurisdiction over Plaintiff's AMWA claims purusant to 28 U.S.C. § 1367.

## II. FACTS

### A. Parties

### 1. Plaintiff

3.      Plaintiff Paola Gracia is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff Gracia worked as a server for Defendants.

### 2. Defendants

4.      Defendant San Angel 2 of Arkansas, Inc. ("Mi Pueblo") is a corporation formed and organized under Arkansas state law and currently conducting business as Mi Pueblo of West Memphis at 650 S. Service Rd., Suite 121, West Memphis, Arkansas 72301.  Specifically, Mi Pueblo conducts business as a Mexican restaurant and bar.

5.      At all relevant times herein, Defendant Mi Pueblo was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d) and the AMWA, Ark. Code Ann. § 11-4-203(4).

6.      Defendant Mi Pueblo is, at all times hereinafter mentioned, engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, an enterprise within the meaning of 29 U.S.C. § 203(r).  Specifically, Mi Pueblo is under common control by the same groups of owners, all conducted business under the same name and with the same function, shared employees and goods, and followed the same policies and procedures.

7.      Defendant Mi Pueblo and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Mi Pueblo is a Mexican restaurant that serves food and beverages to customers and have annual sales separately and collectively of not less than $500,000.

8.      Defendant Rafael Angel is the owner of Defendant Mi Pueblo, and at all times herein, Defendant Angle has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4) because he has acted directly in the interest of Defendant Mi Pueblo in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime and minimum wage rates. Defendant Angel is believed to be a resident of New Albany, Mississippi.

9.      Defendant Francisco Javier Romo is the manager of Defendant Mi Pueblo and at all times herein, Defendant Romo has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4) because he has acted directly in the interest of Defendant Mi Pueblo in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime and minimum wage rates. Defendant Romo is believed to be a resident of Marion, Arkansas.

## B. Collective Action Allegations

10.     Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under 29 U.S.C. § 216(b) and the AMWA. Plaintiff's written consent form is attached hereto as Exhibit A.

11.     The FLSA and the AMWA require covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.  During the applicable statutory period, Defendants suffered and permitted Plaintiff and the similarly situated non-exempt employees to routinely work more than forty (40) hours per week without overtime compensation and in some cases failed to properly compensate Plaintiff and the similarly situated non-exempt employees at the applicable minimum wage rate.

12.     During the applicable statutory period, Defendants compensated their servers at a rate of $2.63 per hour plus tips regardless of the number of hours worked and never paid servers for any time worked in excess of forty (40) hours in a work week.

13.     For example, Plaintiff Gracia worked at Defendants' West Memphis location as a server from September 2018 until December 14, 2019.  During that time, Plaintiff Gracia routinely worked in excess of 50 hours per week but only received $2.63 per hour for forty (40) hours per week and no compensation for time past the first forty (40) hours in the work week. She did not receive either the minimum wage or proper overtime compensation for time worked in excess of forty (40) hours in a work week.

14.     As a result of the actions and conduct described above, Defendants have violated the FLSA's and the AMWA's minimum wage and overtime requirements for servers.

15.     As a result of its actions and the conduct described in the foregoing paragraphs, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and  § 207(a)(1), and Ark. Code Ann. §§ 11-4-210-212 of the AMWA with respect to Plaintiff and others similarly situated.   Thus, Plaintiff and the similarly situated employees suffered a loss of wages.

16.     The exact amounts of unpaid overtime compensation owed to Ms. Gracia and those similarly situated are not presently known but will be determined through discovery. At this juncture, Plaintiff Gracia estimates that she was deprived of minimum wage and overtime compensation during the applicable statutory period of approximately $20,000.00.

17.     Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the AMWA.

18.     The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and the AMWA as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.     Issuance of notice as soon as possible to all similarly situated persons who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid the proper overtime compensation for their hours worked in any week during the statutory period;

2.     Designation of this action as a collective action on behalf of the FLSA/AMWA collective class pursuant to 29 U.S.C. § 216(b) and the AMWA;

3.     Judgment against Defendants for an amount equal to unpaid back wages at the applicable minimum wage and overtime rates;

5

4.   Judgment against Defendants that their violations of the FLSA and AMWA were willful;

5.   An equal amount to the minimum wage and overtime damages as liquidated damages;

6.   All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

7.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8.   Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4);

9.   An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

10.  For all such further relief as the Court deems just and equitable.


Respectfully submitted,

William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
        (admitted to E.D. Ark 12/10/09)
Janelle C. Osowski – TN Bar #31359
Alison T. Ryan – AR Bar #2017080
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFFS

## FLSA ACTION PLAINTIFF CONSENT FORM

I hereby consent to join the action against Mi Pueblo restaurants, the owners, and management as a Plaintiff to assert claims for overtime pay and/or minimum wage violations.  if this case does not proceed collectively, I also consent to file and/or join any subsequent action to assert claims against Defendants for mimimum wage and/or overtime pay.  During the past three years, there were occassions when I worked over 40 hours per week as a server and did not receive overtime compensation or the proper minimum wage.



_Paola Gracia_  1/10/20
Signature                                    Date

_Paola Gracia_
Print Name

Fax, Mail or Email to:       Bryce W. Ashby
                             Donati Law, PLLC
                             1545 Union Avenue
                             Memphis, TN 38104
                             Telephone: 901-278-1004
                             Fax: 901-278-3111
                             Toll Free: 800/521-0578
                             Email: bryce@donatilaw.com